IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELIJAH JONES, JR., | : | |
| --- | --- | --- |
| | : | 4:09-cv-2334 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WARDEN DAVID J. EBBERT, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### December 8, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 27), filed on November 18, 2010, which recommends that the Defendants' Motion to Dismiss and for Summary Judgment (Doc. 17) be granted, that Plaintiff's Petition for Writ of Mandamus be denied, and that this case be closed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by December 6, 2010.

1

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **BACKGROUND**

Plaintiff Elijah Jones, Jr., proceeding *pro se*, filed the instant Petition for Writ of Mandamus, pursuant to 28 U.S.C. § 1361, naming as Defendants the following eight (8) individuals employed by the Federal Bureau of Prisons at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"): Warden David

J. Ebbert; Associate Warden Julie Nickline; Associate Warden R. Marques; J. Miller, Acting Clinical Director; E. Santos, D.O. Medical Officer; R. Laino, Health Care Services Administrator; Assistant Health Care Services Administrator K. Dewald; and Physician's Assistant M. Powanda. Plaintiff alleges that all Defendants, except for Ebbert and Nickline, are members of the Utilization Review Committee ("URC") at FCI-Allenwood and are responsible for his care, treatment and safety at the prison.

On June 1, 2010, Defendants filed a joint Motion to Dismiss or for Summary Judgment. (Doc. 17). By Order dated June 23, 2010, we referred the Motion to Magistrate Judge Blewitt to prepare a Report and Recommendation thereon. (Doc. 20). After full briefing on the motion was complete, Magistrate Judge Blewitt issued the instant R&R, recommending that the Defendants' motion for summary judgment be granted. As noted above, the time for objecting to the Magistrate Judge's report has lapsed without a filing from either party. Thus, this matter is ripe for our disposition.

## III. DISCUSSION

Within the R&R, Magistrate Judge Blewitt thoroughly reviews the record and determines that Plaintiff's request for a writ of mandamus should be denied for a variety of reasons. In our view, the most compelling reason to deny Plaintiff's

3

request for a writ of mandamus is simply that "mandamus relief is to be issued only in extraordinary circumstances, where the Petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ." *Murray v. Grondolsky*, 369 Fed. Appx. 318, 320 (3d Cir. 2010). The records submitted by the Defendants in support of their motion belie all of the Plaintiff's claims, showing that Plaintiff has received extensive medical care for all of his conditions since his transfer to FCI-Allenwood. Plaintiff simply has not set forth a valid Eighth Amendment claim.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.

4